UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

Joseph Yerushalmi,

                        Debtor.
--------------------------------------------------------x
Joseph Yerushalmi,

                        Plaintiff,

            - against -

Marc A. Pergament, as chapter 7 Trustee,

                        Defendant.
--------------------------------------------------------x

Chapter 7

Case No.: 8-07-72816-478

Adv. Pro. No.: 8-09-08415-478

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Forchelli, Curto, Deegan,
Schwarz, Mineo, Cohn & Terrana, LLP
*Attorneys for Plaintiff*
By: Gary M. Kusher, Esq.
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553

Weinberg Gross & Pergament
*Attorneys for Defendant*
By: Marc A. Pergament, Esq.
400 Garden City Plaza, Suite 403
Garden City, New York 11530

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is (1) the Plaintiff Debtor's motion for summary judgment seeking a declaratory judgment as to whether Marc A. Pergament, the chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee"), abandoned the appeal of pending state court litigation between the Debtor and a third party (the "Motion for Summary Judgment"), and (2) the Trustee's motion to dismiss this adversary proceeding.  At issue is what was abandoned by the Trustee when he abandoned his interest in prosecuting the appeal of a state court judgment.  This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O) and 11 U.S.C. § 554 and Fed. R. Bankr. P. 7001(1) and (9).  The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.


<u>FACTS</u>

The Debtor filed for chapter 11 relief under the Bankruptcy Code on July 25, 2007.  The case was converted to a chapter 7 case on October 2, 2007 and the Trustee was appointed to administer the assets of the Debtor's bankruptcy estate.

Prior to the Debtor's bankruptcy filing, the Debtor was a partner of a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP ("YSYR").  In or about March 31, 1995, the partnership dissolved.  The Debtor commenced another law practice under the name of Yerushalmi & Associates LLP ("Y&A").  On or about January 23, 1998, Amon Shiboleth, individually and on behalf of YSYR, commenced an action in the Supreme Court of the State of New York against the Debtor and Y&A, among others, bearing Index No. 600350/98, which sought, inter alia, a partnership accounting of the various fees that were due to YSYR (the "Accounting Action").  On March 7, 2007, Special Referee, Lancelot B. Hewitt, entered a

1

judgment in the Accounting Action awarding Shiboleth and YSYR a total sum of $3,540,046.91 as follows: (a) $2,036,273.09 was charged against the Debtor and Y&A, and (b) $1,503,773.82 was charged against the Debtor only (the "Judgment"). On September 26, 2007, Shiboleth and YSYR filed a proof of claim in the Debtor's bankruptcy case based upon the Judgment.

At the time of the bankruptcy filing, there was an appeal of this Judgment by the Debtor and Y&A pending before the Appellate Division of the Supreme Court of the State of New York (the "Appellate Division"). The Trustee examined the Debtor at the initial meeting of creditors in the Chapter 7 case regarding the appeal. The Trustee decided that the prosecution of the appeal would have imposed a significant expense upon the bankruptcy estate. On February 11, 2008, the Trustee filed a "Notice of Intention to Abandon Estate's Interest" notifying creditors, the Debtor and all parties in interest that the Trustee "intends to abandon the estate's interest in the appeal of the Decision and Order in Shiboleth, et. al. v. Yerushalmi, et. al., Index No. 600350/98, pending in the Appellate Division of the State of New York" (the "Appeal"). No objections to the Notice of Intention to Abandon the Estate's Interest in the Appeal were filed. On March 24, 2008, Bankruptcy Judge Jerome Feller entered an order directing the Appeal be abandoned to the Debtor and ordered that the Debtor's bankruptcy estate has no further interest or rights in the Appeal (the "Abandonment Order"). The bankruptcy case was subsequently transferred to this Judge. Judge Feller's Abandonment Order was not appealed and remains a final order.

The Debtor undertook the prosecution of the Appeal, including the legal costs and expenses. On January 6, 2009, the Appellate Division rendered a decision affirming the trial court's Judgment in part but vacating the award of damages and remanding the matter to the

Special Referee to apportion the value of the NSN Contingency fee and the Phoenix Group fee together with the recalculation of interest based on such reapportionment.  Depending on the results of the remanded proceeding, a reapportionment in the Accounting Action may result in a monetary award in favor of the state court defendants in the Accounting Action rather than to Shiboleth and YSYR.

A dispute has now arisen between the Trustee and the Debtor as to who has standing to pursue the further proceedings remanded by the Appellate Division with respect to the Accounting Action.  The Debtor commenced this adversary proceeding and subsequently filed the Motion for Summary Judgment arguing that (1) when the Trustee abandoned the Appeal he abandoned the entire underlying cause of action and all of its related claims, and (2) the appeal process (i.e. to have the matters tried before a hearing officer so that sums could be fixed) is not a final determination of all issues contained in the appeal.  The Trustee abandoned his right to litigate such proceedings.  The Trustee counters in his Motion to Dismiss that the scope of the Abandonment Order was limited to the estate's interest in prosecuting the appeal of the Judgment in the Accounting Action and that the underlying Accounting Action was never expressly abandoned and continues to remain property of the bankruptcy estate.  The Trustee argues that any further proceedings after a decision rendered by the Appellate Division is a new proceeding and not part of the Appeal.  The Trustee does not indicate what, if anything, may remain that is not part of the appeal between the present parties to this litigation.

<u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Despite the Trustee's arguments that the interpretation of the Abandonment Order should be limited to only the proceedings before the Appellate Division, the Court finds that when the Trustee abandoned the Appeal, he abandoned the estate's interest in prosecuting and defending any and all proceedings relating to such appeals process, including the proceedings remanded by the Appellate Division to the trial court.  While the January 6, 2009 order by the Appellate Division may have concluded the proceedings before the Appellate Division, it was not a final order that resolved the Appeal.  'A "final" order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters.' *Burke v. Crosson*, 85 N.Y.2d 10, 15 (N.Y. 1995).  See also, 73 N.Y. Jur. 2d <u>Judgments</u> §29 (2d ed. 2009).  "Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties, is, in most cases, nonfinal." *Burke v. Crosson*, 85 N.Y.2d at 15.

Because the remand to the trial court regarding the apportionment of certain fees involves more than a mere ministerial matter, especially in an accounting action, the order of the Appellate Division regarding the Appeal is not final.  Indeed, until all of the causes of action and substantive issues relating to the Appeal and any subsequent proceedings stemming from the Appeal of the Judgment have been resolved and there is nothing left for further judicial action, including any further appeals, the appeal process is not final.  Accordingly, the Court finds that

the Trustee has no standing to prosecute the proceedings on remand and any further appeal that may arise as a result of such remand by the Appellate Division.

Although the Court finds that the term "Appeal" encompasses not only the proceedings before the Appellate Division but any subsequent proceedings arising from the Appeal regarding the Accounting Action, the Court finds that it is premature at this time to determine whether the Trustee's abandonment of the prosecution of the Appeal also means that he abandoned any recovery that may result once the apportionment is finalized and the Accounting Action is concluded without any further appeals.  The Accounting Action is still pending and the final outcome is still uncertain. Should the Accounting Action ultimately be concluded in favor of Shiboleth, then the dispute between the Debtor and the Trustee regarding the scope of the Abandonment Order and whether the Debtor's estate retains an interest in any recovery that may arise under the Accounting Action would be moot.  Indeed, the Accounting Action, the ultimate determination of the reapportionment, and whether the Debtor has any liability to Shiboleth affect not only this adversary proceeding but also several other adversary proceedings involving the Debtor, the Trustee and Shiboleth that are pending before this Court

CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the Trustee does not have standing to prosecute the Appeal of the Judgment and any proceedings arising within this Appeal as the Trustee has abandoned the prosecution of this Appeal.   In order to forestall any further litigation between the Debtor and the Trustee, and the needless expenditure of judicial resources, and to further efficient administration of the Debtor's bankruptcy case and its related adversary

5

proceedings, the Court will determine the issue of the estate's interest in any recovery arising from the Accounting Action when there has been a final determination in the Accounting Action.

IT IS HEREBY ORDERED, that Debtor's motion for summary judgment declaring that the Trustee of the Chapter 7 bankruptcy estate has abandoned the appeal to index no. 600350/98, pending in the Appellate Division of the State of New York, is granted; and it is further

ORDERED, that the Trustee's motion to dismiss this adversary proceeding is denied, without prejudice to the Trustee to renew any claim the Trustee may have after the appeal is finally adjudicated.


Dated:          Central Islip, New York
                February 12, 2010.

                                    */s/ Dorothy Eisenberg*
                                    DOROTHY EISENBERG
                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

                                      Chapter 7

Joseph Yerushalmi,

                                       Case No.: 8-07-72816-478

                      Debtor.
--------------------------------------------------------x
Joseph Yerushalmi,

                      Plaintiff,

                                          Adv. Pro. No.: 8-09-08415-478

        - against -

Marc A. Pergament, as chapter 7 Trustee,

                      Defendant.
--------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Forchelli, Curto, Deegan,
Schwarz, Mineo, Cohn & Terrana, LLP
*Attorneys for Plaintiff*
By: Gary M. Kusher, Esq.
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553

Weinberg Gross & Pergament
*Attorneys for Defendant*
By: Marc A. Pergament, Esq.
400 Garden City Plaza, Suite 403
Garden City, New York 11530

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is (1) the Plaintiff Debtor's motion for summary judgment seeking a declaratory judgment as to whether Marc A. Pergament, the chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee"), abandoned the appeal of pending state court litigation between the Debtor and a third party (the "Motion for Summary Judgment"), and (2) the Trustee's motion to dismiss this adversary proceeding.  At issue is what was abandoned by the Trustee when he abandoned his interest in prosecuting the appeal of a state court judgment.  This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O) and 11 U.S.C. § 554 and Fed. R. Bankr. P. 7001(1) and (9).  The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.


## FACTS

The Debtor filed for chapter 11 relief under the Bankruptcy Code on July 25, 2007.  The case was converted to a chapter 7 case on October 2, 2007 and the Trustee was appointed to administer the assets of the Debtor's bankruptcy estate.

Prior to the Debtor's bankruptcy filing, the Debtor was a partner of a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP ("YSYR").  In or about March 31, 1995, the partnership dissolved.  The Debtor commenced another law practice under the name of Yerushalmi & Associates LLP ("Y&A").  On or about January 23, 1998, Amon Shiboleth, individually and on behalf of YSYR, commenced an action in the Supreme Court of the State of New York against the Debtor and Y&A, among others, bearing Index No. 600350/98, which sought, inter alia, a partnership accounting of the various fees that were due to YSYR (the "Accounting Action").  On March 7, 2007, Special Referee, Lancelot B. Hewitt, entered a

judgment in the Accounting Action awarding Shiboleth and YSYR a total sum of $3,540,046.91 as follows: (a) $2,036,273.09 was charged against the Debtor and Y&A, and (b) $1,503,773.82 was charged against the Debtor only (the "Judgment"). On September 26, 2007, Shiboleth and YSYR filed a proof of claim in the Debtor's bankruptcy case based upon the Judgment.

At the time of the bankruptcy filing, there was an appeal of this Judgment by the Debtor and Y&A pending before the Appellate Division of the Supreme Court of the State of New York (the "Appellate Division"). The Trustee examined the Debtor at the initial meeting of creditors in the Chapter 7 case regarding the appeal. The Trustee decided that the prosecution of the appeal would have imposed a significant expense upon the bankruptcy estate. On February 11, 2008, the Trustee filed a "Notice of Intention to Abandon Estate's Interest" notifying creditors, the Debtor and all parties in interest that the Trustee "intends to abandon the estate's interest in the appeal of the Decision and Order in Shiboleth, et. al. v. Yerushalmi, et. al., Index No. 600350/98, pending in the Appellate Division of the State of New York" (the "Appeal"). No objections to the Notice of Intention to Abandon the Estate's Interest in the Appeal were filed. On March 24, 2008, Bankruptcy Judge Jerome Feller entered an order directing the Appeal be abandoned to the Debtor and ordered that the Debtor's bankruptcy estate has no further interest or rights in the Appeal (the "Abandonment Order"). The bankruptcy case was subsequently transferred to this Judge. Judge Feller's Abandonment Order was not appealed and remains a final order.

The Debtor undertook the prosecution of the Appeal, including the legal costs and expenses. On January 6, 2009, the Appellate Division rendered a decision affirming the trial court's Judgment in part but vacating the award of damages and remanding the matter to the

Special Referee to apportion the value of the NSN Contingency fee and the Phoenix Group fee together with the recalculation of interest based on such reapportionment. Depending on the results of the remanded proceeding, a reapportionment in the Accounting Action may result in a monetary award in favor of the state court defendants in the Accounting Action rather than to Shiboleth and YSYR.

A dispute has now arisen between the Trustee and the Debtor as to who has standing to pursue the further proceedings remanded by the Appellate Division with respect to the Accounting Action. The Debtor commenced this adversary proceeding and subsequently filed the Motion for Summary Judgment arguing that (1) when the Trustee abandoned the Appeal he abandoned the entire underlying cause of action and all of its related claims, and (2) the appeal process (i.e. to have the matters tried before a hearing officer so that sums could be fixed) is not a final determination of all issues contained in the appeal. The Trustee abandoned his right to litigate such proceedings. The Trustee counters in his Motion to Dismiss that the scope of the Abandonment Order was limited to the estate's interest in prosecuting the appeal of the Judgment in the Accounting Action and that the underlying Accounting Action was never expressly abandoned and continues to remain property of the bankruptcy estate. The Trustee argues that any further proceedings after a decision rendered by the Appellate Division is a new proceeding and not part of the Appeal. The Trustee does not indicate what, if anything, may remain that is not part of the appeal between the present parties to this litigation.

3

<u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Despite the Trustee's arguments that the interpretation of the Abandonment Order should be limited to only the proceedings before the Appellate Division, the Court finds that when the Trustee abandoned the Appeal, he abandoned the estate's interest in prosecuting and defending any and all proceedings relating to such appeals process, including the proceedings remanded by the Appellate Division to the trial court. While the January 6, 2009 order by the Appellate Division may have concluded the proceedings before the Appellate Division, it was not a final order that resolved the Appeal. 'A "final" order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters.' *Burke v. Crosson*, 85 N.Y.2d 10, 15 (N.Y. 1995). See also, 73 N.Y. Jur. 2d <u>Judgments</u> §29 (2d ed. 2009). "Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties, is, in most cases, nonfinal." *Burke v. Crosson*, 85 N.Y.2d at 15.

Because the remand to the trial court regarding the apportionment of certain fees involves more than a mere ministerial matter, especially in an accounting action, the order of the Appellate Division regarding the Appeal is not final. Indeed, until all of the causes of action and substantive issues relating to the Appeal and any subsequent proceedings stemming from the Appeal of the Judgment have been resolved and there is nothing left for further judicial action, including any further appeals, the appeal process is not final. Accordingly, the Court finds that

the Trustee has no standing to prosecute the proceedings on remand and any further appeal that may arise as a result of such remand by the Appellate Division.

Although the Court finds that the term "Appeal" encompasses not only the proceedings before the Appellate Division but any subsequent proceedings arising from the Appeal regarding the Accounting Action, the Court finds that it is premature at this time to determine whether the Trustee's abandonment of the prosecution of the Appeal also means that he abandoned any recovery that may result once the apportionment is finalized and the Accounting Action is concluded without any further appeals.  The Accounting Action is still pending and the final outcome is still uncertain. Should the Accounting Action ultimately be concluded in favor of Shiboleth, then the dispute between the Debtor and the Trustee regarding the scope of the Abandonment Order and whether the Debtor's estate retains an interest in any recovery that may arise under the Accounting Action would be moot.  Indeed, the Accounting Action, the ultimate determination of the reapportionment, and whether the Debtor has any liability to Shiboleth affect not only this adversary proceeding but also several other adversary proceedings involving the Debtor, the Trustee and Shiboleth that are pending before this Court

CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the Trustee does not have standing to prosecute the Appeal of the Judgment and any proceedings arising within this Appeal as the Trustee has abandoned the prosecution of this Appeal.   In order to forestall any further litigation between the Debtor and the Trustee, and the needless expenditure of judicial resources, and to further efficient administration of the Debtor's bankruptcy case and its related adversary

5

proceedings, the Court will determine the issue of the estate's interest in any recovery arising from the Accounting Action when there has been a final determination in the Accounting Action.

IT IS HEREBY ORDERED, that Debtor's motion for summary judgment declaring that the Trustee of the Chapter 7 bankruptcy estate has abandoned the appeal to index no. 600350/98, pending in the Appellate Division of the State of New York, is granted; and it is further

ORDERED, that the Trustee's motion to dismiss this adversary proceeding is denied, without prejudice to the Trustee to renew any claim the Trustee may have after the appeal is finally adjudicated.

Dated:        Central Islip, New York
              February 12, 2010.

                                        */s/ Dorothy Eisenberg*_____
                                        DOROTHY EISENBERG
                                        UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

Joseph Yerushalmi,

                    Debtor.
--------------------------------------------------------x
Joseph Yerushalmi,

                    Plaintiff,

      - against -

Marc A. Pergament, as chapter 7 Trustee,

                    Defendant.
--------------------------------------------------------x

Chapter 7

Case No.: 8-07-72816-478

Adv. Pro. No.: 8-09-08415-478

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Forchelli, Curto, Deegan,
Schwarz, Mineo, Cohn & Terrana, LLP
*Attorneys for Plaintiff*
By: Gary M. Kusher, Esq.
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553

Weinberg Gross & Pergament
*Attorneys for Defendant*
By: Marc A. Pergament, Esq.
400 Garden City Plaza, Suite 403
Garden City, New York 11530

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is (1) the Plaintiff Debtor's motion for summary judgment seeking a declaratory judgment as to whether Marc A. Pergament, the chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee"), abandoned the appeal of pending state court litigation between the Debtor and a third party (the "Motion for Summary Judgment"), and (2) the Trustee's motion to dismiss this adversary proceeding. At issue is what was abandoned by the Trustee when he abandoned his interest in prosecuting the appeal of a state court judgment. This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O) and 11 U.S.C. § 554 and Fed. R. Bankr. P. 7001(1) and (9). The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

FACTS

The Debtor filed for chapter 11 relief under the Bankruptcy Code on July 25, 2007. The case was converted to a chapter 7 case on October 2, 2007 and the Trustee was appointed to administer the assets of the Debtor's bankruptcy estate.

Prior to the Debtor's bankruptcy filing, the Debtor was a partner of a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP ("YSYR"). In or about March 31, 1995, the partnership dissolved. The Debtor commenced another law practice under the name of Yerushalmi & Associates LLP ("Y&A"). On or about January 23, 1998, Amon Shiboleth, individually and on behalf of YSYR, commenced an action in the Supreme Court of the State of New York against the Debtor and Y&A, among others, bearing Index No. 600350/98, which sought, inter alia, a partnership accounting of the various fees that were due to YSYR (the "Accounting Action"). On March 7, 2007, Special Referee, Lancelot B. Hewitt, entered a

1

judgment in the Accounting Action awarding Shiboleth and YSYR a total sum of $3,540,046.91 as follows: (a) $2,036,273.09 was charged against the Debtor and Y&A, and (b) $1,503,773.82 was charged against the Debtor only (the "Judgment"). On September 26, 2007, Shiboleth and YSYR filed a proof of claim in the Debtor's bankruptcy case based upon the Judgment.

At the time of the bankruptcy filing, there was an appeal of this Judgment by the Debtor and Y&A pending before the Appellate Division of the Supreme Court of the State of New York (the "Appellate Division"). The Trustee examined the Debtor at the initial meeting of creditors in the Chapter 7 case regarding the appeal. The Trustee decided that the prosecution of the appeal would have imposed a significant expense upon the bankruptcy estate. On February 11, 2008, the Trustee filed a "Notice of Intention to Abandon Estate's Interest" notifying creditors, the Debtor and all parties in interest that the Trustee "intends to abandon the estate's interest in the appeal of the Decision and Order in Shiboleth, et. al. v. Yerushalmi, et. al., Index No. 600350/98, pending in the Appellate Division of the State of New York" (the "Appeal"). No objections to the Notice of Intention to Abandon the Estate's Interest in the Appeal were filed. On March 24, 2008, Bankruptcy Judge Jerome Feller entered an order directing the Appeal be abandoned to the Debtor and ordered that the Debtor's bankruptcy estate has no further interest or rights in the Appeal (the "Abandonment Order"). The bankruptcy case was subsequently transferred to this Judge. Judge Feller's Abandonment Order was not appealed and remains a final order.

The Debtor undertook the prosecution of the Appeal, including the legal costs and expenses. On January 6, 2009, the Appellate Division rendered a decision affirming the trial court's Judgment in part but vacating the award of damages and remanding the matter to the

2

Special Referee to apportion the value of the NSN Contingency fee and the Phoenix Group fee together with the recalculation of interest based on such reapportionment. Depending on the results of the remanded proceeding, a reapportionment in the Accounting Action may result in a monetary award in favor of the state court defendants in the Accounting Action rather than to Shiboleth and YSYR.

A dispute has now arisen between the Trustee and the Debtor as to who has standing to pursue the further proceedings remanded by the Appellate Division with respect to the Accounting Action. The Debtor commenced this adversary proceeding and subsequently filed the Motion for Summary Judgment arguing that (1) when the Trustee abandoned the Appeal he abandoned the entire underlying cause of action and all of its related claims, and (2) the appeal process (i.e. to have the matters tried before a hearing officer so that sums could be fixed) is not a final determination of all issues contained in the appeal. The Trustee abandoned his right to litigate such proceedings. The Trustee counters in his Motion to Dismiss that the scope of the Abandonment Order was limited to the estate's interest in prosecuting the appeal of the Judgment in the Accounting Action and that the underlying Accounting Action was never expressly abandoned and continues to remain property of the bankruptcy estate. The Trustee argues that any further proceedings after a decision rendered by the Appellate Division is a new proceeding and not part of the Appeal. The Trustee does not indicate what, if anything, may remain that is not part of the appeal between the present parties to this litigation.

<u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Despite the Trustee's arguments that the interpretation of the Abandonment Order should be limited to only the proceedings before the Appellate Division, the Court finds that when the Trustee abandoned the Appeal, he abandoned the estate's interest in prosecuting and defending any and all proceedings relating to such appeals process, including the proceedings remanded by the Appellate Division to the trial court. While the January 6, 2009 order by the Appellate Division may have concluded the proceedings before the Appellate Division, it was not a final order that resolved the Appeal. 'A "final" order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters.' *Burke v. Crosson*, 85 N.Y.2d 10, 15 (N.Y. 1995). See also, 73 N.Y. Jur. 2d <u>Judgments</u> §29 (2d ed. 2009). "Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties, is, in most cases, nonfinal." *Burke v. Crosson*, 85 N.Y.2d at 15.

Because the remand to the trial court regarding the apportionment of certain fees involves more than a mere ministerial matter, especially in an accounting action, the order of the Appellate Division regarding the Appeal is not final. Indeed, until all of the causes of action and substantive issues relating to the Appeal and any subsequent proceedings stemming from the Appeal of the Judgment have been resolved and there is nothing left for further judicial action, including any further appeals, the appeal process is not final. Accordingly, the Court finds that

4

the Trustee has no standing to prosecute the proceedings on remand and any further appeal that may arise as a result of such remand by the Appellate Division.

Although the Court finds that the term "Appeal" encompasses not only the proceedings before the Appellate Division but any subsequent proceedings arising from the Appeal regarding the Accounting Action, the Court finds that it is premature at this time to determine whether the Trustee's abandonment of the prosecution of the Appeal also means that he abandoned any recovery that may result once the apportionment is finalized and the Accounting Action is concluded without any further appeals.  The Accounting Action is still pending and the final outcome is still uncertain. Should the Accounting Action ultimately be concluded in favor of Shiboleth, then the dispute between the Debtor and the Trustee regarding the scope of the Abandonment Order and whether the Debtor's estate retains an interest in any recovery that may arise under the Accounting Action would be moot.  Indeed, the Accounting Action, the ultimate determination of the reapportionment, and whether the Debtor has any liability to Shiboleth affect not only this adversary proceeding but also several other adversary proceedings involving the Debtor, the Trustee and Shiboleth that are pending before this Court

CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the Trustee does not have standing to prosecute the Appeal of the Judgment and any proceedings arising within this Appeal as the Trustee has abandoned the prosecution of this Appeal.   In order to forestall any further litigation between the Debtor and the Trustee, and the needless expenditure of judicial resources, and to further efficient administration of the Debtor's bankruptcy case and its related adversary

proceedings, the Court will determine the issue of the estate's interest in any recovery arising from the Accounting Action when there has been a final determination in the Accounting Action.

IT IS HEREBY ORDERED, that Debtor's motion for summary judgment declaring that the Trustee of the Chapter 7 bankruptcy estate has abandoned the appeal to index no. 600350/98, pending in the Appellate Division of the State of New York, is granted; and it is further

ORDERED, that the Trustee's motion to dismiss this adversary proceeding is denied, without prejudice to the Trustee to renew any claim the Trustee may have after the appeal is finally adjudicated.

Dated:      Central Islip, New York
            February 12, 2010.

                              */s/ Dorothy Eisenberg*
                              DOROTHY EISENBERG
                              UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

                                 Chapter 7

Joseph Yerushalmi,

                                 Case No.: 8-07-72816-478

                     Debtor.
--------------------------------------------------------x
Joseph Yerushalmi,

                     Plaintiff,

                                 Adv. Pro. No.: 8-09-08415-478

      - against -

Marc A. Pergament, as chapter 7 Trustee,

                     Defendant.
--------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Forchelli, Curto, Deegan,
Schwarz, Mineo, Cohn & Terrana, LLP
*Attorneys for Plaintiff*
By: Gary M. Kusher, Esq.
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553


Weinberg Gross & Pergament
*Attorneys for Defendant*
By: Marc A. Pergament, Esq.
400 Garden City Plaza, Suite 403
Garden City, New York 11530


Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is (1) the Plaintiff Debtor's motion for summary judgment seeking a declaratory judgment as to whether Marc A. Pergament, the chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee"), abandoned the appeal of pending state court litigation between the Debtor and a third party (the "Motion for Summary Judgment"), and (2) the Trustee's motion to dismiss this adversary proceeding.  At issue is what was abandoned by the Trustee when he abandoned his interest in prosecuting the appeal of a state court judgment.  This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O) and 11 U.S.C. § 554 and Fed. R. Bankr. P. 7001(1) and (9).  The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

FACTS

The Debtor filed for chapter 11 relief under the Bankruptcy Code on July 25, 2007.  The case was converted to a chapter 7 case on October 2, 2007 and the Trustee was appointed to administer the assets of the Debtor's bankruptcy estate.

Prior to the Debtor's bankruptcy filing, the Debtor was a partner of a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP ("YSYR").  In or about March 31, 1995, the partnership dissolved.  The Debtor commenced another law practice under the name of Yerushalmi & Associates LLP ("Y&A").  On or about January 23, 1998, Amon Shiboleth, individually and on behalf of YSYR, commenced an action in the Supreme Court of the State of New York against the Debtor and Y&A, among others, bearing Index No. 600350/98, which sought, inter alia, a partnership accounting of the various fees that were due to YSYR (the "Accounting Action").  On March 7, 2007, Special Referee, Lancelot B. Hewitt, entered a

1

judgment in the Accounting Action awarding Shiboleth and YSYR a total sum of $3,540,046.91 as follows: (a) $2,036,273.09 was charged against the Debtor and Y&A, and (b) $1,503,773.82 was charged against the Debtor only (the "Judgment"). On September 26, 2007, Shiboleth and YSYR filed a proof of claim in the Debtor's bankruptcy case based upon the Judgment.

At the time of the bankruptcy filing, there was an appeal of this Judgment by the Debtor and Y&A pending before the Appellate Division of the Supreme Court of the State of New York (the "Appellate Division"). The Trustee examined the Debtor at the initial meeting of creditors in the Chapter 7 case regarding the appeal. The Trustee decided that the prosecution of the appeal would have imposed a significant expense upon the bankruptcy estate. On February 11, 2008, the Trustee filed a "Notice of Intention to Abandon Estate's Interest" notifying creditors, the Debtor and all parties in interest that the Trustee "intends to abandon the estate's interest in the appeal of the Decision and Order in Shiboleth, et. al. v. Yerushalmi, et. al., Index No. 600350/98, pending in the Appellate Division of the State of New York" (the "Appeal"). No objections to the Notice of Intention to Abandon the Estate's Interest in the Appeal were filed. On March 24, 2008, Bankruptcy Judge Jerome Feller entered an order directing the Appeal be abandoned to the Debtor and ordered that the Debtor's bankruptcy estate has no further interest or rights in the Appeal (the "Abandonment Order"). The bankruptcy case was subsequently transferred to this Judge. Judge Feller's Abandonment Order was not appealed and remains a final order.

The Debtor undertook the prosecution of the Appeal, including the legal costs and expenses. On January 6, 2009, the Appellate Division rendered a decision affirming the trial court's Judgment in part but vacating the award of damages and remanding the matter to the

Special Referee to apportion the value of the NSN Contingency fee and the Phoenix Group fee together with the recalculation of interest based on such reapportionment.  Depending on the results of the remanded proceeding, a reapportionment in the Accounting Action may result in a monetary award in favor of the state court defendants in the Accounting Action rather than to Shiboleth and YSYR.

A dispute has now arisen between the Trustee and the Debtor as to who has standing to pursue the further proceedings remanded by the Appellate Division with respect to the Accounting Action.  The Debtor commenced this adversary proceeding and subsequently filed the Motion for Summary Judgment arguing that (1) when the Trustee abandoned the Appeal he abandoned the entire underlying cause of action and all of its related claims, and (2) the appeal process (i.e. to have the matters tried before a hearing officer so that sums could be fixed) is not a  final determination of all issues contained in the appeal.  The Trustee abandoned his right to litigate such proceedings.  The Trustee counters in his Motion to Dismiss that the scope of the Abandonment Order was limited to the estate's interest in prosecuting the appeal of the Judgment in the Accounting Action and that the underlying Accounting Action was never expressly abandoned and continues to remain property of the bankruptcy estate.  The Trustee argues that any further proceedings after a decision rendered by the Appellate Division is a new proceeding and not part of the Appeal.  The Trustee does not indicate what, if anything, may remain that is not part of the appeal between the present parties to this litigation.

<u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Despite the Trustee's arguments that the interpretation of the Abandonment Order should be limited to only the proceedings before the Appellate Division, the Court finds that when the Trustee abandoned the Appeal, he abandoned the estate's interest in prosecuting and defending any and all proceedings relating to such appeals process, including the proceedings remanded by the Appellate Division to the trial court. While the January 6, 2009 order by the Appellate Division may have concluded the proceedings before the Appellate Division, it was not a final order that resolved the Appeal. 'A "final" order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters.' *Burke v. Crosson*, 85 N.Y.2d 10, 15 (N.Y. 1995). See also, 73 N.Y. Jur. 2d <u>Judgments</u> §29 (2d ed. 2009). "Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties, is, in most cases, nonfinal." *Burke v. Crosson*, 85 N.Y.2d at 15.

Because the remand to the trial court regarding the apportionment of certain fees involves more than a mere ministerial matter, especially in an accounting action, the order of the Appellate Division regarding the Appeal is not final. Indeed, until all of the causes of action and substantive issues relating to the Appeal and any subsequent proceedings stemming from the Appeal of the Judgment have been resolved and there is nothing left for further judicial action, including any further appeals, the appeal process is not final. Accordingly, the Court finds that

the Trustee has no standing to prosecute the proceedings on remand and any further appeal that

may arise as a result of such remand by the Appellate Division.

Although the Court finds that the term "Appeal" encompasses not only the proceedings

before the Appellate Division but any subsequent proceedings arising from the Appeal regarding

the Accounting Action, the Court finds that it is premature at this time to determine whether the

Trustee's abandonment of the prosecution of the Appeal also means that he abandoned any

recovery that may result once the apportionment is finalized and the Accounting Action is

concluded without any further appeals.  The Accounting Action is still pending and the final

outcome is still uncertain. Should the Accounting Action ultimately be concluded in favor of

Shiboleth, then the dispute between the Debtor and the Trustee regarding the scope of the

Abandonment Order and whether the Debtor's estate retains an interest in any recovery that may

arise under the Accounting Action would be moot.  Indeed, the Accounting Action, the ultimate

determination of the reapportionment, and whether the Debtor has any liability to Shiboleth

affect not only this adversary proceeding but also several other adversary proceedings involving

the Debtor, the Trustee and Shiboleth that are pending before this Court

CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the Trustee does not have standing to

prosecute the Appeal of the Judgment and any proceedings arising within this Appeal as the

Trustee has abandoned the prosecution of this Appeal.   In order to forestall any further litigation

between the Debtor and the Trustee, and the needless expenditure of judicial resources, and to

further efficient administration of the Debtor's bankruptcy case and its related adversary

proceedings, the Court will determine the issue of the estate's interest in any recovery arising from the Accounting Action when there has been a final determination in the Accounting Action.

IT IS HEREBY ORDERED, that Debtor's motion for summary judgment declaring that the Trustee of the Chapter 7 bankruptcy estate has abandoned the appeal to index no. 600350/98, pending in the Appellate Division of the State of New York, is granted; and it is further

ORDERED, that the Trustee's motion to dismiss this adversary proceeding is denied, without prejudice to the Trustee to renew any claim the Trustee may have after the appeal is finally adjudicated.


Dated:          Central Islip, New York
                February 12, 2010.

                                    _/s/ Dorothy Eisenberg_____
                                    DOROTHY EISENBERG
                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

                                         Chapter 7

Joseph Yerushalmi,

                                         Case No.: 8-07-72816-478

                      Debtor.
--------------------------------------------------------x
Joseph Yerushalmi,

                      Plaintiff,

                                           Adv. Pro. No.: 8-09-08415-478

      - against -

Marc A. Pergament, as chapter 7 Trustee,

                      Defendant.
--------------------------------------------------------x

# **MEMORANDUM DECISION AND ORDER**

*Appearances:*


Forchelli, Curto, Deegan,
Schwarz, Mineo, Cohn & Terrana, LLP
*Attorneys for Plaintiff*
By: Gary M. Kusher, Esq.
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553


Weinberg Gross & Pergament
*Attorneys for Defendant*
By: Marc A. Pergament, Esq.
400 Garden City Plaza, Suite 403
Garden City, New York 11530


Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is (1) the Plaintiff Debtor's motion for summary judgment seeking a declaratory judgment as to whether Marc A. Pergament, the chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee"), abandoned the appeal of pending state court litigation between the Debtor and a third party (the "Motion for Summary Judgment"), and (2) the Trustee's motion to dismiss this adversary proceeding. At issue is what was abandoned by the Trustee when he abandoned his interest in prosecuting the appeal of a state court judgment. This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O) and 11 U.S.C. § 554 and Fed. R. Bankr. P. 7001(1) and (9). The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

<u>FACTS</u>

The Debtor filed for chapter 11 relief under the Bankruptcy Code on July 25, 2007. The case was converted to a chapter 7 case on October 2, 2007 and the Trustee was appointed to administer the assets of the Debtor's bankruptcy estate.

Prior to the Debtor's bankruptcy filing, the Debtor was a partner of a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP ("YSYR"). In or about March 31, 1995, the partnership dissolved. The Debtor commenced another law practice under the name of Yerushalmi & Associates LLP ("Y&A"). On or about January 23, 1998, Amon Shiboleth, individually and on behalf of YSYR, commenced an action in the Supreme Court of the State of New York against the Debtor and Y&A, among others, bearing Index No. 600350/98, which sought, inter alia, a partnership accounting of the various fees that were due to YSYR (the "Accounting Action"). On March 7, 2007, Special Referee, Lancelot B. Hewitt, entered a

1

judgment in the Accounting Action awarding Shiboleth and YSYR a total sum of $3,540,046.91 as follows: (a) $2,036,273.09 was charged against the Debtor and Y&A, and (b) $1,503,773.82 was charged against the Debtor only (the "Judgment"). On September 26, 2007, Shiboleth and YSYR filed a proof of claim in the Debtor's bankruptcy case based upon the Judgment.

At the time of the bankruptcy filing, there was an appeal of this Judgment by the Debtor and Y&A pending before the Appellate Division of the Supreme Court of the State of New York (the "Appellate Division"). The Trustee examined the Debtor at the initial meeting of creditors in the Chapter 7 case regarding the appeal. The Trustee decided that the prosecution of the appeal would have imposed a significant expense upon the bankruptcy estate. On February 11, 2008, the Trustee filed a "Notice of Intention to Abandon Estate's Interest" notifying creditors, the Debtor and all parties in interest that the Trustee "intends to abandon the estate's interest in the appeal of the Decision and Order in Shiboleth, et. al. v. Yerushalmi, et. al., Index No. 600350/98, pending in the Appellate Division of the State of New York" (the "Appeal"). No objections to the Notice of Intention to Abandon the Estate's Interest in the Appeal were filed. On March 24, 2008, Bankruptcy Judge Jerome Feller entered an order directing the Appeal be abandoned to the Debtor and ordered that the Debtor's bankruptcy estate has no further interest or rights in the Appeal (the "Abandonment Order"). The bankruptcy case was subsequently transferred to this Judge. Judge Feller's Abandonment Order was not appealed and remains a final order.

The Debtor undertook the prosecution of the Appeal, including the legal costs and expenses. On January 6, 2009, the Appellate Division rendered a decision affirming the trial court's Judgment in part but vacating the award of damages and remanding the matter to the

2

Special Referee to apportion the value of the NSN Contingency fee and the Phoenix Group fee together with the recalculation of interest based on such reapportionment. Depending on the results of the remanded proceeding, a reapportionment in the Accounting Action may result in a monetary award in favor of the state court defendants in the Accounting Action rather than to Shiboleth and YSYR.

A dispute has now arisen between the Trustee and the Debtor as to who has standing to pursue the further proceedings remanded by the Appellate Division with respect to the Accounting Action. The Debtor commenced this adversary proceeding and subsequently filed the Motion for Summary Judgment arguing that (1) when the Trustee abandoned the Appeal he abandoned the entire underlying cause of action and all of its related claims, and (2) the appeal process (i.e. to have the matters tried before a hearing officer so that sums could be fixed) is not a  final determination of all issues contained in the appeal. The Trustee abandoned his right to litigate such proceedings. The Trustee counters in his Motion to Dismiss that the scope of the Abandonment Order was limited to the estate's interest in prosecuting the appeal of the Judgment in the Accounting Action and that the underlying Accounting Action was never expressly abandoned and continues to remain property of the bankruptcy estate. The Trustee argues that any further proceedings after a decision rendered by the Appellate Division is a new proceeding and not part of the Appeal. The Trustee does not indicate what, if anything, may remain that is not part of the appeal between the present parties to this litigation.

<u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Despite the Trustee's arguments that the interpretation of the Abandonment Order should be limited to only the proceedings before the Appellate Division, the Court finds that when the Trustee abandoned the Appeal, he abandoned the estate's interest in prosecuting and defending any and all proceedings relating to such appeals process, including the proceedings remanded by the Appellate Division to the trial court. While the January 6, 2009 order by the Appellate Division may have concluded the proceedings before the Appellate Division, it was not a final order that resolved the Appeal. 'A "final" order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters.' *Burke v. Crosson*, 85 N.Y.2d 10, 15 (N.Y. 1995). See also, 73 N.Y. Jur. 2d <u>Judgments</u> §29 (2d ed. 2009). "Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties, is, in most cases, nonfinal." *Burke v. Crosson*, 85 N.Y.2d at 15.

Because the remand to the trial court regarding the apportionment of certain fees involves more than a mere ministerial matter, especially in an accounting action, the order of the Appellate Division regarding the Appeal is not final. Indeed, until all of the causes of action and substantive issues relating to the Appeal and any subsequent proceedings stemming from the Appeal of the Judgment have been resolved and there is nothing left for further judicial action, including any further appeals, the appeal process is not final. Accordingly, the Court finds that

4

the Trustee has no standing to prosecute the proceedings on remand and any further appeal that

may arise as a result of such remand by the Appellate Division.

Although the Court finds that the term "Appeal" encompasses not only the proceedings

before the Appellate Division but any subsequent proceedings arising from the Appeal regarding

the Accounting Action, the Court finds that it is premature at this time to determine whether the

Trustee's abandonment of the prosecution of the Appeal also means that he abandoned any

recovery that may result once the apportionment is finalized and the Accounting Action is

concluded without any further appeals.  The Accounting Action is still pending and the final

outcome is still uncertain. Should the Accounting Action ultimately be concluded in favor of

Shiboleth, then the dispute between the Debtor and the Trustee regarding the scope of the

Abandonment Order and whether the Debtor's estate retains an interest in any recovery that may

arise under the Accounting Action would be moot.  Indeed, the Accounting Action, the ultimate

determination of the reapportionment, and whether the Debtor has any liability to Shiboleth

affect not only this adversary proceeding but also several other adversary proceedings involving

the Debtor, the Trustee and Shiboleth that are pending before this Court

CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the Trustee does not have standing to

prosecute the Appeal of the Judgment and any proceedings arising within this Appeal as the

Trustee has abandoned the prosecution of this Appeal.   In order to forestall any further litigation

between the Debtor and the Trustee, and the needless expenditure of judicial resources, and to

further efficient administration of the Debtor's bankruptcy case and its related adversary

proceedings, the Court will determine the issue of the estate's interest in any recovery arising from the Accounting Action when there has been a final determination in the Accounting Action.

IT IS HEREBY ORDERED, that Debtor's motion for summary judgment declaring that the Trustee of the Chapter 7 bankruptcy estate has abandoned the appeal to index no. 600350/98, pending in the Appellate Division of the State of New York, is granted; and it is further

ORDERED, that the Trustee's motion to dismiss this adversary proceeding is denied, without prejudice to the Trustee to renew any claim the Trustee may have after the appeal is finally adjudicated.

Dated:          Central Islip, New York
               February 12, 2010.

                                   */s/ Dorothy Eisenberg*
                                   DOROTHY EISENBERG
                                   UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                              Chapter 7

Joseph Yerushalmi,

                                              Case No.: 8-07-72816-478

                     Debtor.
---------------------------------------------------------x
Joseph Yerushalmi,

                     Plaintiff,

                                                  Adv. Pro. No.: 8-09-08415-478

        - against -

Marc A. Pergament, as chapter 7 Trustee,

                     Defendant.
---------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Forchelli, Curto, Deegan,
Schwarz, Mineo, Cohn & Terrana, LLP
*Attorneys for Plaintiff*
By: Gary M. Kusher, Esq.
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553

Weinberg Gross & Pergament
*Attorneys for Defendant*
By: Marc A. Pergament, Esq.
400 Garden City Plaza, Suite 403
Garden City, New York 11530

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is (1) the Plaintiff Debtor's motion for summary judgment seeking a declaratory judgment as to whether Marc A. Pergament, the chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee"), abandoned the appeal of pending state court litigation between the Debtor and a third party (the "Motion for Summary Judgment"), and (2) the Trustee's motion to dismiss this adversary proceeding.  At issue is what was abandoned by the Trustee when he abandoned his interest in prosecuting the appeal of a state court judgment.  This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O) and 11 U.S.C. § 554 and Fed. R. Bankr. P. 7001(1) and (9).  The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.


FACTS

The Debtor filed for chapter 11 relief under the Bankruptcy Code on July 25, 2007.  The case was converted to a chapter 7 case on October 2, 2007 and the Trustee was appointed to administer the assets of the Debtor's bankruptcy estate.

Prior to the Debtor's bankruptcy filing, the Debtor was a partner of a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP ("YSYR").  In or about March 31, 1995, the partnership dissolved.  The Debtor commenced another law practice under the name of Yerushalmi & Associates LLP ("Y&A").  On or about January 23, 1998, Amon Shiboleth, individually and on behalf of YSYR, commenced an action in the Supreme Court of the State of New York against the Debtor and Y&A, among others, bearing Index No. 600350/98, which sought, inter alia, a partnership accounting of the various fees that were due to YSYR (the "Accounting Action").  On March 7, 2007, Special Referee, Lancelot B. Hewitt, entered a

judgment in the Accounting Action awarding Shiboleth and YSYR a total sum of $3,540,046.91 as follows: (a) $2,036,273.09 was charged against the Debtor and Y&A, and (b) $1,503,773.82 was charged against the Debtor only (the "Judgment"). On September 26, 2007, Shiboleth and YSYR filed a proof of claim in the Debtor's bankruptcy case based upon the Judgment.

At the time of the bankruptcy filing, there was an appeal of this Judgment by the Debtor and Y&A pending before the Appellate Division of the Supreme Court of the State of New York (the "Appellate Division"). The Trustee examined the Debtor at the initial meeting of creditors in the Chapter 7 case regarding the appeal. The Trustee decided that the prosecution of the appeal would have imposed a significant expense upon the bankruptcy estate. On February 11, 2008, the Trustee filed a "Notice of Intention to Abandon Estate's Interest" notifying creditors, the Debtor and all parties in interest that the Trustee "intends to abandon the estate's interest in the appeal of the Decision and Order in Shiboleth, et. al. v. Yerushalmi, et. al., Index No. 600350/98, pending in the Appellate Division of the State of New York" (the "Appeal"). No objections to the Notice of Intention to Abandon the Estate's Interest in the Appeal were filed. On March 24, 2008, Bankruptcy Judge Jerome Feller entered an order directing the Appeal be abandoned to the Debtor and ordered that the Debtor's bankruptcy estate has no further interest or rights in the Appeal (the "Abandonment Order"). The bankruptcy case was subsequently transferred to this Judge. Judge Feller's Abandonment Order was not appealed and remains a final order.

The Debtor undertook the prosecution of the Appeal, including the legal costs and expenses. On January 6, 2009, the Appellate Division rendered a decision affirming the trial court's Judgment in part but vacating the award of damages and remanding the matter to the

2

Special Referee to apportion the value of the NSN Contingency fee and the Phoenix Group fee together with the recalculation of interest based on such reapportionment. Depending on the results of the remanded proceeding, a reapportionment in the Accounting Action may result in a monetary award in favor of the state court defendants in the Accounting Action rather than to Shiboleth and YSYR.

A dispute has now arisen between the Trustee and the Debtor as to who has standing to pursue the further proceedings remanded by the Appellate Division with respect to the Accounting Action. The Debtor commenced this adversary proceeding and subsequently filed the Motion for Summary Judgment arguing that (1) when the Trustee abandoned the Appeal he abandoned the entire underlying cause of action and all of its related claims, and (2) the appeal process (i.e. to have the matters tried before a hearing officer so that sums could be fixed) is not a final determination of all issues contained in the appeal. The Trustee abandoned his right to litigate such proceedings. The Trustee counters in his Motion to Dismiss that the scope of the Abandonment Order was limited to the estate's interest in prosecuting the appeal of the Judgment in the Accounting Action and that the underlying Accounting Action was never expressly abandoned and continues to remain property of the bankruptcy estate. The Trustee argues that any further proceedings after a decision rendered by the Appellate Division is a new proceeding and not part of the Appeal. The Trustee does not indicate what, if anything, may remain that is not part of the appeal between the present parties to this litigation.

<u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Despite the Trustee's arguments that the interpretation of the Abandonment Order should be limited to only the proceedings before the Appellate Division, the Court finds that when the Trustee abandoned the Appeal, he abandoned the estate's interest in prosecuting and defending any and all proceedings relating to such appeals process, including the proceedings remanded by the Appellate Division to the trial court.  While the January 6, 2009 order by the Appellate Division may have concluded the proceedings before the Appellate Division, it was not a final order that resolved the Appeal.  'A "final" order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters.'  *Burke v. Crosson*, 85 N.Y.2d 10, 15 (N.Y. 1995).  See also, 73 N.Y. Jur. 2d <u>Judgments</u> §29 (2d ed. 2009).  "Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties, is, in most cases, nonfinal."  *Burke v. Crosson*, 85 N.Y.2d at 15.

Because the remand to the trial court regarding the apportionment of certain fees involves more than a mere ministerial matter, especially in an accounting action, the order of the Appellate Division regarding the Appeal is not final.  Indeed, until all of the causes of action and substantive issues relating to the Appeal and any subsequent proceedings stemming from the Appeal of the Judgment have been resolved and there is nothing left for further judicial action, including any further appeals, the appeal process is not final.  Accordingly, the Court finds that

the Trustee has no standing to prosecute the proceedings on remand and any further appeal that may arise as a result of such remand by the Appellate Division.

Although the Court finds that the term "Appeal" encompasses not only the proceedings before the Appellate Division but any subsequent proceedings arising from the Appeal regarding the Accounting Action, the Court finds that it is premature at this time to determine whether the Trustee's abandonment of the prosecution of the Appeal also means that he abandoned any recovery that may result once the apportionment is finalized and the Accounting Action is concluded without any further appeals. The Accounting Action is still pending and the final outcome is still uncertain. Should the Accounting Action ultimately be concluded in favor of Shiboleth, then the dispute between the Debtor and the Trustee regarding the scope of the Abandonment Order and whether the Debtor's estate retains an interest in any recovery that may arise under the Accounting Action would be moot. Indeed, the Accounting Action, the ultimate determination of the reapportionment, and whether the Debtor has any liability to Shiboleth affect not only this adversary proceeding but also several other adversary proceedings involving the Debtor, the Trustee and Shiboleth that are pending before this Court

CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the Trustee does not have standing to prosecute the Appeal of the Judgment and any proceedings arising within this Appeal as the Trustee has abandoned the prosecution of this Appeal. In order to forestall any further litigation between the Debtor and the Trustee, and the needless expenditure of judicial resources, and to further efficient administration of the Debtor's bankruptcy case and its related adversary

5

proceedings, the Court will determine the issue of the estate's interest in any recovery arising

from the Accounting Action when there has been a final determination in the Accounting Action.

IT IS HEREBY ORDERED, that Debtor's motion for summary judgment declaring that

the Trustee of the Chapter 7 bankruptcy estate has abandoned the appeal to index no. 600350/98,

pending in the Appellate Division of the State of New York, is granted; and it is further

ORDERED, that the Trustee's motion to dismiss this adversary proceeding is denied,

without prejudice to the Trustee to renew any claim the Trustee may have after the appeal is

finally adjudicated.


Dated:          Central Islip, New York
                February 12, 2010.

                                   _**/s/ Dorothy Eisenberg**_____
                                   DOROTHY EISENBERG
                                   UNITED STATES BANKRUPTCY JUDGE